# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:08CV421-MR-DSC

| | |
|---|---|
| ANTHONY JOHNSON, ) ) Plaintiff, ) ) vs. ) ) OLD DOMINION FREIGHT ) LINE, INC., ) ) Defendant. ) ) ) | **MEMORANDUM AND RECOMMENDATION AND ORDER** |

**THIS MATTER** is before the Court on "Defendant's Motion to Dismiss [for Failure to Conduct Discovery]" (document #24) and "Memorandum in Support ..." (document #25), both filed April 23, 2009; and the pro se Plaintiff's "Response ..." (document #26) filed May 6, 2009. On May 18, 2009, Defendant filed its "Reply" brief, including an Affidavit from defense counsel. See Document #27.

This is an action seeking damages and injunctive relief for discrimination based on Plaintiff's race and disability in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e ("Title VII") and the Americans with Disabilities Act, 42 U.S.C. § 12101 ("ADA").

Relevant to the subject Motion to Dismiss, on December 8, 2008, the Magistrate Judge to whom this case was then referred (the Honorable Carl Horn, III) entered the Pretrial Order and Case Management Plan (document #12) which required, among other things, that the parties exchange Rule 26(a)(1) Initial Disclosures on or before December 15, 2008.[1]

---

[1]On April 2, 2009, this matter was referred to the undersigned Magistrate Judge.

On January 14, 2009, Judge Horn conducted the Initial Pretrial Conference ("IPC") in chambers with the pro se Plaintiff and defense counsel. During the conference, the parties discussed Plaintiff's admitted failure to serve his Initial Disclosures. After the Plaintiff stated that he had not served his Initial Disclosures because he had not received Defendant's Initial Disclosures, a contention that the Defendant disputed, Judge Horn directed Plaintiff to serve and Defendant to re-serve their Initial Disclosures.

On January 16, 2009, Defendant re-served its Initial Disclosures. To date, Plaintiff has not served his Initial Disclosures.

On February 16, 2009, Defendant served Plaintiff with its First Set of Interrogatories and Requests for Production of Documents. As with his Initial Disclosures, Plaintiff has failed to respond to Defendant's discovery requests.

On April 8, 2009, the Defendant noticed Plaintiff's deposition for 9:00 a.m. on April 21, 2009. On that date, defense counsel, two of Defendant's corporate officers, and a court reporter appeared for Plaintiff's deposition. Plaintiff, however, failed to appear.

On April 23, 2009, and after repeated attempts to contact Plaintiff were unsuccessful, Defendant filed its Motion to Dismiss the Complaint as a sanction for Plaintiff's failure to participate in discovery or otherwise to prosecute his claims. The record reveals that Defendant mailed a copy of the Motion to Dismiss and accompanying Memorandum to the same address that it had earlier mailed its First Set of Interrogatories, Requests for Production of Documents, and Notice of Deposition.

On May 6, 2009, Plaintiff filed his Response, stating among other things that he was unaware of the April 21, 2009 deposition, that he had told one of the Defendant's counsel (Austin Breen) that

he "did not understand anything pertaining to [this] case," and that Mr. Breen had responded that defense counsel had a "duty" to "help" Plaintiff because he did not have his own attorney.

In his Affidavit attached to Defendant's Reply, Mr. Breen credibly avers that he never told Plaintiff that he or anyone representing or otherwise affiliated with Defendant would advise or assist Plaintiff.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a litigant is not entitled to conduct discovery that is intended to harass, annoy, embarrass, or oppress the opposing party. See Fed. R. Civ. P. 26(c)

Whether to grant or deny a motion to compel discovery, or as in this case, to compel discovery as an alternative to imposition of sanctions, is generally left within the District Court's broad discretion. See, e.g., Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving discovery issues); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

The Fourth Circuit has emphasized the significance of establishing a history of dilatory action <u>and</u> warning to the offending party of what may follow prior to imposing monetary sanctions or dismissing the action for failure to comply with discovery obligations. <u>See, e.g.</u>, <u>Hathcock v. Navistar Int'l Transp. Corp.</u>, 55 F.3d 36, 40 (4th Cir. 1995); <u>Choice Hotels Int'l v. Goodwin & Boone</u>, 11 F.3d 469, 473 (4th Cir. 1993); <u>and</u> <u>Lolatchy v. Arthur Murray, Inc.</u>, 816 F.2d 951, 953 (4th Cir. 1987).

Applying these legal principles to this case, and recognizing that Plaintiff has not been warned previously of the likely consequences of his failure to perform his responsibilities as a litigant, the undersigned will <u>order</u> Plaintiff to respond to Defendant's First Set of Interrogatories and Requests for Production of Documents, serve his Initial Disclosures, and appear for his deposition.

The undersigned warns Plaintiff that he will be expected and required to conduct discovery, respond to discovery requests from Defendant, and generally carry out any other duties and responsibilities related to this litigation with all diligence, including complying with the Local Rules, the Federal Rules of Civil Procedure, the Pretrial Order and Case Management Plan, and other Orders of the Court, on or before the expiration of the appropriate deadlines.

Moreover, the Court specifically warns Plaintiff that any further failure to respond to Defendant's discovery requests or serve his Initial Disclosures, to appear for his deposition, to otherwise respond to Defendant's reasonable discovery requests, or to comply with this Court's Orders, the Local Rules, or the Rules of Civil Procedure <u>will</u> result in the imposition of sanctions. **Sanctions may include Plaintiff being required to pay Defendant's costs, including reasonable attorney's fees, and <u>may also include dismissal of this lawsuit with prejudice</u>**.

## ORDER

**IT IS HEREBY ORDERED** that

1. Plaintiff is **ORDERED** to serve complete responses to Defendant's First Set of Interrogatories and Request for Production of Documents and his Initial Disclosures on or before June 8, 2009.

2. Plaintiff is **ORDERED** to appear for his deposition at a mutually agreed date, time and place on or before June 22, 2009, provided that if the parties are unable to agree as to a date, time and/or place, the deposition shall be conducted at the date, time, and place noticed by Defendant.

3. Defense counsel is directed to notify the Court promptly should Plaintiff fail to comply with the terms of this Order.

4. The dispositive motions deadline is extended to July 10, 2009.

## RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant's "Motion to Dismiss" (document # 24) be **DENIED**. Provided that, if Plaintiff fails to comply with the Court's Order, the undersigned respectfully recommends that Defendant's "Motion to Dismiss" (document # 24) be **GRANTED.**

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v.

Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990).  Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder, 889 F.2d at 1365.  Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal.  Diamond, 416 F.3d at 316; Wells, 109 F.3d at 201; Page, 337 F.3d at 416 n.3; Thomas v. Arn, 474 U.S. 140, 147 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the pro se Plaintiff Anthony Johnson, 704 East Council Street, Salisbury, NC 28144; to counsel for Defendant; and to the Honorable Martin Reidinger.

**SO ORDERED AND RECOMMENDED**.

Signed: May 19, 2009

_____
David S. Cayer
United States Magistrate Judge