# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE NO. 3:08cv421

| | |
|---|---|
| ANTHONY JOHNSON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>OLD DOMINION FREIGHT LINE, INC., )<br>)<br>Defendant. )<br>) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's Motion to Enforce Settlement Agreement and to Extend Dispositive Motion Deadline [Doc. 32]. On June 29, 2009, the Court granted that portion of the motion seeking to extend the dispositive motion deadline. [Doc. 37].

The Plaintiff, acting in a *pro se* capacity, has filed a response to the motion which conflicts with his attorney's response.[1] [Doc. 38; Doc. 34]. In that response, the Plaintiff claims his attorney lacked authority to enter into

---

[1] Counsel provided a letter to the Plaintiff in which he advised that if the Plaintiff refused to sign the settlement agreement, counsel would be forced to withdraw from representation. [Doc. 35-2]. He also advised the Plaintiff that he must "repudiate the agreement" "in writing." [Id.]. As a result, the Plaintiff filed his *pro se* response.

the settlement agreement. [Doc. 38] ("I gave council (*sic*) authority ... to negoitiate (*sic*) a settlement not to close on a number[.]"). As a result, an evidentiary hearing will be required to resolve credibility issues. Hensley v. Alcon Laboratories, Inc., 277 F.3d 535, 541 (4th Cir. 2002) ("If there is a factual dispute over the existence of an agreement, over the authority of attorneys to enter into the agreement, or over the agreement's terms, the district court may not enforce a settlement agreement *summarily*" but must conduct a plenary evidentiary hearing.) (citations omitted); Young v. F.D.I.C., 103 F.3d 1180, 1194-95 (4th Cir. 1997).

**IT IS, THEREFORE, ORDERED** that the Clerk of Court shall schedule this matter for an evidentiary hearing.

Signed: July 16, 2009

Lacy H. Thornburg
United States District Judge