# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE NO. 3:08cv421

| | |
|---|---|
| ANTHONY JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  **O R D E R** |
| | ) |
| OLD DOMINION FREIGHT LINES, INC., | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on the Defendant's Notice of Impasse on Issue of Attorneys' Fees [Doc. 45].

On August 27, 2009, the Court granted the Defendant's Motion to Enforce Settlement Agreement [Doc. 32] by oral decision. Contained within that motion was a request by the Defendant that the Plaintiff's settlement amount be reduced by the attorneys' fees incurred by the Defendant in enforcing the settlement. The Court encouraged the parties to reach an agreement concerning those fees. The Defendant has notified the Court that it made an offer to resolve the issue which was rejected by the Plaintiff. The Plaintiff also declined to further negotiate on the issue.

> Under the American Rule, each party bears its own costs of litigation unless statutory authority exists for an award of attorneys' fees or an exception to the rule applies. One exception to the rule allows a district court to assess attorneys' fees against a losing party when it has acted in bad faith, vexatiously, or wantonly.

Williams v. Professional Transp., Inc., 294 F.3d 607, 614 (4th Cir. 2002) (citations omitted).

Simply breaching a settlement contract does not rise to the level of bad faith required for an award of attorneys' fees. Id.; Schmidt v. Zazzara, 544 F.2d 412, 414 (9th Cir. 1976) (repudiating settlement agreement did not involve requisite bad faith for award). Although a settlement agreement was reached, the Plaintiff did not act in bad faith or vexatiously in refusing to comply with the agreement. It is clear from the evidence and arguments presented at the hearing in this matter that the breach of the settlement agreement resulted from misunderstandings between the Plaintiff and his attorney, and the Court so finds. Omega Engineering, Inc. v. Omega, SA, 2004 WL 2191588 **11 (D.Conn. 2004), affirmed 432 F.3d 439 (2nd Cir. 2005) ("While OSA's attempt at reneging on their agreement is certainly desperate and utterly ill-founded, among other things, it does not ... rise to the level of intentionally obstructing the effective and efficient administration of justice."). The Court finds the Plaintiff's conduct in this case does not amount to bad faith or vexatious conduct. Huttenstine v. Mast, 537 F.Supp.2d 795, 804

(E.D.N.C. 2008), *affirmed* 2009 WL 1743693 (4th Cir. 2009) (*citing* <u>Alyeska Pipeline Serv. Co. v. Wilderness Soc'y</u>, 421 U.S. 240, 258, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975)).

As a result, the motion will be denied.

**IT IS, THEREFORE, ORDERED** that the motion for an award of attorneys' fees contained within the Defendant's Motion to Enforce Settlement Agreement [Doc. 32] is hereby **DENIED**.

Signed: October 8, 2009

Martin Reidinger
United States District Judge